IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MEDIACOM COMMUNICATIONS CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. _____ |
| DATACLOUD TECHNOLOGIES, LLC, | ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Mediacom Communications Corp. ("Mediacom") files this Complaint and Jury Demand against Defendant DataCloud Technologies, LLC ("Defendant") upon personal knowledge of its own actions, and information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1.      This is an action for declaratory judgment of non-infringement and invalidity of U.S. Patent Nos. 6,651,063 ("the '063 patent"), 6,560,613 ("the '613 patent"), 7,209,959 ("the '959 patent"), and 8,762,498 ("the '498 patent") (collectively, the "Asserted Patents") under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. §§ 1 et seq.

2.      Mediacom seeks relief because Defendant has made it clear through correspondence to Mediacom that it intends to sue Mediacom for alleged infringement of the Asserted Patents.

## THE PARTIES

3.     Mediacom is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 1 Mediacom Way, Chester, NY 10918.

4.     Mediacom is a communications and media delivery company that delivers broadband, video, mobile, and other services to its customers.

5.     On information and belief, Defendant is a limited liability company under the laws of the State of Georgia with its principal place of business at 44 Milton Ave., Suite 254, Alpharetta, Georgia 30009.

6.     On information and belief, Defendant is subsidiary of Brainbox Innovations, LLC ("Brainbox"), a limited liability company under the laws of the State of Georgia with its principal place of business at 44 Milton Ave., Suite 254, Alpharetta, Georgia 30009.

7.     On information and belief, Brainbox has at least four additional subsidiaries that assert patent portfolios: CDN Innovations, LLC, DigiMedia Tech, LLC, CommWorks Solutions, LLC, and Hanger Solutions, LLC.

## FACTUAL BACKGROUND

The Parties' Correspondence

8.     On May 4, 2022, Defendant's counsel sent Mediacom a letter contending that Mediacom infringed the Asserted Patents.  (*See* Ex. A.)  In particular, Defendant asserted that the "Mediacom Android App" infringes claim 4 of the '063 patent, "virtualization in Mediacom's network and systems environment" infringes claim 8 of the '613 patent, Mediacom's "website infrastructure" infringes claim 1 of the '959 patent, and Mediacom web sites using Transport Layer Security (TLS) version 1.2 or 1.3 infringe claim 1 of the '498 patent.

9.      Thus, through its correspondence, Defendant has alleged that Mediacom infringes the following claims (individually, an "Asserted Claim," and collectively, "the Asserted Claims"):

- Claim 4 of the '063 patent;
- Claim 8 of the '613 patent;
- Claim 1 of the '959 patent; and
- Claim 1 of the '498 patent.

10.     Defendant has filed suits alleging infringement of at least some of the Asserted Patents in seventeen cases. *See* Case Nos. 1:22-cv-874 (EDVA), 6:22-cv-786 (WDTX), 6:21-cv-1275 (WDTX), 6:21-cv-01211 (WDTX), 1:21-cv-01629 (DDE), 1:21-cv-01020 (DDE), 6:21-cv-00662 (WDTX), 1:21-cv-00837 (DDE), 1:21-cv-00170 (DDE), 1:21-cv-00164 (DDE), 1:21-cv-00155 (DDE), 1:20-cv-01313 (DDE), 1:20-cv-01314 (DDE), 2:20-cv-00872 (WDWA), 1:20-cv-00763 (DDE), 1:20-cv-00764 (DDE); and 1:22-cv-01178 (DDE).

<u>The Asserted Patents</u>

11.     The '063 patent issued on November 18, 2003 and is entitled "Data Organization and Management System and Method."  The '063 patent is attached as Exhibit B.  Claim 4 of the '063 patent is reproduced below.

**4.**  A method for providing information to one or more users of a system comprising the steps of:

storing information to be provided in an information pack;

associating with said information pack at least a user destination address associated with one of a multiplicity of user data repositories each of said user data repositories associated with at least one of said users and a category identifier;

associating with said information pack a provider identifier;

communicating said information pack by means of a network to said user data repository associated with the user destination address;

locating said information pack in a location of said user data repository associated with the user destination address reserved for

information corresponding to a category to which said category identifier corresponds; and

further comprising, after said step of communicating the information pack to said user data repository associated with the user destination address, the steps of:

creating a custom location in said user data repository;

placing said information pack in said custom location;

associating a custom category identifier with said information pack;

sending a custom category signal to a processing station uniquely associated with said user data repository including a data storage means and a data processing means, said data storage means storing together said custom category identifier and said provider identifier, and said data processing means analyzing the provider identifier of subsequent of said information packs, comparing said provider identifier of said subsequent information packs with said provider identifier stored in said storage means and in the event of a match between the provider identifier of one of said subsequent information packs and the provider identifier stored in said storage means, placing said one of the subsequent information packs in said custom location.

12.     The '613 patent issued on May 6, 2003, and is entitled "Disambiguating File Descriptors." The '613 patent is attached as Exhibit C. Claim 8 of the '613 patent is reproduced below.

**8.** A method in a computer system for disambiguating file descriptors, the method comprising:

intercepting system calls that establish a file stored on media;

storing at least one indicator that a file descriptor established by an intercepted system call is associated with a file stored on media, wherein storing an indicator that an established file descriptor is associated with a file stored on media further comprises storing the indicator in a table; and

examining at least one stored indicator to determine with what file type a file descriptor is associated.

4

13.    The '959 patent issued on April 24, 2007, and is entitled "Apparatus, System, and Method for Communicating to a Network Through a Virtual Domain Providing Anonymity to a Client Communicating On the Network."  The '959 patent is attached as Exhibit D.  Claim 1 of the '959 patent is reproduced below.

**1.** A method comprising:

in response to a request by a client to initiate communication with a destination website;

setting up a forwarding session between the client and a destination server corresponding to the destination website, the forwarding session employing a forwarder disposed between the client and the destination server to forward packets sent from the client to the destination server and to forward packets sent from the destination server to the client;

employing the forwarder to transfer packets between the client and the destination server during the forwarding session, wherein the forwarding session is set up and implemented such that neither the client or the destination server is aware of the employment of the forwarder;

employing a controller configured to communicate with the forwarder and a domain name server, wherein the controller queries the domain name server to resolve the name of the destination website associated with the destination server and initiates communication with the forwarder in response to an answer from the domain name server to resolve the name of the destination website associated with the destination server;

employing a deceiver configured to communicate with the controller and the client, wherein the deceiver receives the request by the client to initiate communication with the destination website and initiates the controller to query the domain name server to resolve the name of the destination website associated with the destination server; and in response to the controller receiving the answer from the domain name server and initiating communication with the forwarder, initiating the forwarding session.

14.    The '498 patent issued on June 24, 2014 and is entitled "Apparatus, System, and Method for Communicating to a Network Through a Virtual Domain."  The '498 patent is attached as Exhibit E.  Claim 1 of the '498 patent is reproduced below.

> **1.** A method, comprising:
>
> determining, by a controller device comprising a processor, a destination internet protocol (IP) address from a plurality of categories for virtual names based on a virtual namespace destination address specified by request data received from a device, wherein a category of the plurality of categories is related to the virtual namespace destination address;
>
> establishing a correlation between the destination IP address and a forwarder IP address of a forwarder device; and
>
> instructing the forwarder device to send the request data to the destination IP address.

## JURISDICTION AND VENUE

15.    The foregoing paragraphs 1-14 are incorporated as if set forth herein in their entirety.

16.    This action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.* This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338, and 2201 based on a definite and concrete, real and substantial, justiciable controversy between Mediacom, on the one hand, and Defendant, on the other hand, for declaratory judgment of patent non-infringement and invalidity under 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

17.    Defendant sent a letter to Mediacom (Ex. A) asserting that "it is the understanding and contention of DataCloud that Mediacom has infringed claims" of the Asserted Patents. Defendant alleged that "Mediacom's actions and activity have caused DataCloud and its predecessors to suffer patent infringement damages."  It further warned that "DataCloud has filed numerous patent infringement lawsuits related to the monetization of its Portfolio, and it will

continue to enforce its Portfolio through litigation." DataCloud stated that its "purpose in writing to Mediacom is to put you on notice of patent infringement, to acquaint you with the DataCloud Portfolio, and to open a dialogue for Mediacom to obtain a license under the DataCloud Portfolio prior to any potential enforcement action being initiated." DataCloud asserted that if "initial licensing efforts are ignored," then "the burden, time, and expense of needless prolonged litigation results."

18.     Defendant files suit after sending a letter such as the one received by Mediacom. For example, Defendant sued Charter Communications, Inc. after sending a letter to Charter in which "DataCloud put [Charter] on notice of its infringement of four of the patents-in-Suit." (Case No. 6-21-cv-000662 (WDTX), D.I. 41 at ¶ 31.) Similarly, Defendant sued Calix, Inc. after sending a letter to Calix in which it "put [Calix] on notice of its infringement of the Patents-in-Suit." (Case No. 1-21-cv-01629 (DDE), D.I. 1 at ¶ 18.)

19.     The Court has specific personal jurisdiction over Defendant pursuant to Delaware's Long Arm Statute, 10 Del. C. § 3104 and the Due Process Clause of the Fourteenth Amendment by virtue of the Defendant's contacts with Delaware.

20.     Defendant has purposefully directed its enforcement activity at Delaware by virtue of its demand letter campaign targeting Delaware corporations, including Mediacom.

21.     Defendant has transacted business in the State of Delaware through its litigation campaign in the District of Delaware, which constitutes legal presence in the State under 10 Del. C. §§ 3104(b) and (c)(1).

22.     Defendant has campaigned in Delaware to enforce a portfolio of patents in this District in at least eleven previously filed Delaware actions claiming patent infringement. *See* Case Nos. 1:21-cv-01629 (DDE), 1:21-cv-01020 (DDE), 1:21-cv-00837 (DDE), 1:21-cv-00170

(DDE), 1:21-cv-00164 (DDE), 1:21-cv-00155 (DDE), 1:20-cv-01313 (DDE), 1:20-cv-01314 (DDE), 1:20-cv-00763 (DDE), 1:20-cv-00764 (DDE); and 1:22-cv-01178 (DDE).

23. In each of the eleven previously filed Delaware actions, Defendant has asserted one or more of the Asserted Patents.

24. In Case No. 1:21-cv-01629 (DDE), Defendant asserted the '063, '613, '959, and '498 patents.

25. In Case No. 1:21-cv-01020 (DDE), Defendant asserted the '613, '959, and '498 patents.

26. In Case No. 1:21-cv-00837 (DDE), Defendant asserted the '063, '613, '959, and '498 patents.

27. In Case No. 1:21-cv-00170 (DDE), Defendant asserted the '613 and '498 patents.

28. In Case No. 1:21-cv-00164 (DDE), Defendant asserted the '063, '613, and '498 patents.

29. In Case No. 1:21-cv-00155 (DDE), Defendant asserted the '613 and '498 patents.

30. In Case No. 1:20-cv-01313 (DDE), Defendant asserted the '063, '613, and '498 patents.

31. In Case No. 1:20-cv-01314 (DDE), Defendant asserted the '063, '613, and '498 patents.

32. In Case No. 1:20-cv-00763 (DDE), Defendant asserted the '063, '613, and '498 patents.

33. In Case No. 1:20-cv-00764 (DDE), Defendant asserted the '063, '613, '959, and '498 patents.

34.     In Case No. 1:22-cv-01178 (DDE), which was filed just days before the filing of this Complaint, Defendant asserted the '959 and '498 patents.

35.     Defendant continues to litigate Case Nos. 1:21-cv-00164 and 1:22-cv-01178 as of the date of this Complaint.

36.     On information and belief, Defendant's businesses model is to generate revenue through licensing and asserting a portfolio of intellectual property.  Defendant's litigation efforts, in the District of Delaware and elsewhere, are a core component of its business, and Defendant's enforcement of the Asserted Patents in Delaware falls within the categories of activities identified in 10 Del. C. § 3104(c), and is at least a transaction of business under § 3104 (c)(1).

37.     This Complaint for Declaratory Judgement arises out of the Defendant's activities in the State of Delaware enforcing patents including the Asserted Patents.

38.     Defendant has consented to personal jurisdiction in the District of Delaware because of its previously filed and ongoing lawsuits in the district.  The lawsuits identified above in paragraphs 22-35 bear a logical relationship to this Complaint because they alleged infringement of certain Asserted Patents, and are part of the same concerted licensing and enforcement effort with which Defendant has targeted Mediacom, for example with its May 4, 2022, letter to Mediacom asserting the Asserted Patents.  (Ex. A.)

39.     The District of Delaware's personal jurisdiction over Defendant comports with the Due Process Clause of the Fourteenth Amendment by virtue of the Defendant's contacts with Delaware, including the enforcement actions in Delaware identified above in paragraphs 22-35.

40.     Defendant has also purposefully directed its enforcement activity at Delaware by virtue of its demand letter campaign targeting Delaware corporations, including Mediacom.

41.     Defendant has also purposefully directed its enforcement activity at Delaware by asserting its patent portfolio, including the Asserted Patents, against Delaware corporations and entities in proceedings outside of the District of Delaware.

42.     On information and belief, Defendant has purposefully availed itself of the protections of the State of Delaware by entering into settlement agreements with Delaware corporations that are governed by Delaware law.

43.     Defendant also purposefully availed itself of the protections of the State of Delaware upon assignment of the Asserted Patents.  On information and belief, the assignors of any interest Defendant has in the Asserted Patents are Delaware LLCs, Intellectual Ventures Assets 148 LLC and Intellectual Ventures Assets 151 LLC (together, "Intellectual Ventures"), each of which recorded an address at 251 Little Falls Drive, Wilmington, DE 19808.  Intellectual Ventures conveyed Defendant's patent portfolio, including the Asserted Patents, over four separate conveyances on November 15, 2019.  (Exs. F, G, H, I.)

44.     On information and belief, Intellectual Ventures maintains a security interest in the patents it assigned to Defendant, including the Asserted Patents, which has been recorded in Georgia.  The associated UCC financing statements, which were filed on December 5, 2019, reference agreements between Intellectual Ventures and Defendant governing the secured sale of the patent portfolio.  (Exs. J, K.)

45.     By virtue of the secured assignment of rights in a patent portfolio, including the Asserted Patents, from the two Intellectual Ventures LLCs, Defendant has further purposefully directed its enforcement activity at Delaware by creating an ongoing relationship of obligation to Delaware entities that subjects it to this Court's personal jurisdiction.

46.     Defendant's campaign of patent licensing and assertion is part of a broader, coordinated patent assertion campaign driven by Brainbox and executed through Defendant and its sister LLCs, including the other Brainbox subsidiaries CDN Innovations LLC, CommWorks Solutions, LLC, and DigiMedia Tech, LLC.  Each of these entities obtained assignments of patent portfolios from one or more Delaware LLCs, each of which is a differently numbered "Intellectual Ventures Assets" LLC.

47.     CommWorks Solutions, LLC obtained its patent portfolio through conveyances from Intellectual Ventures Assets 130, LLC and Intellectual Ventures Assets 135, LLC, both Delaware LLCs.  (Exs. L, M, N, O, P.)  These assignments were also executed on November 15, 2019, the same day as Defendant's assignments referenced above.  UCC financing statements for these assignments were filed on December 5, 2019, the same day as Defendant's financing statements referenced above.  (Exs. Q, R.)

48.     CDN Innovations, LLC obtained its patent portfolio through conveyances from Intellectual Ventures Assets 144, LLC and Intellectual Ventures Assets 147, LLC, both Delaware LLCs.  (Exs. S, T, U, V.)  These assignments were also executed on November 15, 2019, the same day as Defendant's assignments referenced above.   UCC financing statements for these assignments were filed on December 5, 2019, the same day as Defendant's financing statements referenced above.  (Exs. W, X.)

49.     DigiMedia Tech, LLC obtained its patent portfolio through conveyances from Intellectual Ventures Assets 142, LLC and Intellectual Ventures Assets 145, LLC, both Delaware LLCs.  (Exs. Y, Z, AA, BB.)  These assignments were also executed on November 15, 2019, the same day as Defendant's assignments referenced above.  UCC financing statements for these

assignments were filed on December 5, 2019, the same day as Defendant's financing statements referenced above.  (Exs. CC, DD.)

50.     As part of the coordinated Brainbox patent assertion campaign, Defendant's sister entity DigiMedia Tech, LLC filed and litigated claims against an accused infringer in the District of Delaware.  *See* Case No. 1-21-cv-00227 (DDE).

51.     As part of the coordinated Brainbox patent assertion campaign, Brainbox and its subsidiaries, including Defendant, have further directed their enforcement activity at Delaware by virtue of Defendant's sister entity CDN Innovations, LLC's repeated representation by attorneys in the Delaware office of the Devlin Law Firm to handle its licensing and patent assertion campaign, including sending a demand letter to Mediacom from the Devlin Law Firm's Delaware address.  Attorneys from The Devlin Law Firm have represented CDN Innovations, LLC in at least thirteen patent infringement cases, listing a Delaware address on CDN Innovation, LLC's court submissions.  *See* case nos. 6-20-cv-00442 (WDTX), 6-20-cv-00443 (WDTX), 6-20-cv-00444 (WDTX), 6-20-cv-00445 (WDTX), 6-20-cv-00446 (WDTX), 6-20-cv-00447 (WDTX), 6-20-cv-00448 (WDTX), 4-20-cv-00653 (EDTX), 4-20-cv-00709 (EDTX), 6-20-cv-00959 (WDTX), 4-21-cv-00381 (EDTX), 1-21-cv-02240 (NDGA), and 4:22-cv-661 (EDTX).

52.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)-(c).  Because Defendant is subject to the personal jurisdiction of the District of Delaware for this action, Defendant is deemed to reside in the District of Delaware under 28 U.S.C. § 1391(c)(2), and venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1).

## COUNT I

**(Declaratory Judgment of Non-infringement of the '063 patent)**

53.     The foregoing paragraphs 1-52 are incorporated as if set forth herein in their entirety.

54.     By virtue of Defendant's past litigation history and assertion letter to Mediacom, an actual controversy exists between Mediacom and Defendant as to whether Mediacom infringes claim 4 of the '063 patent.  A valid and justiciable controversy has arisen and exists between Mediacom and Defendant within the meaning of 28 U.S.C. § 2201.

55.     Specifically, Defendant has asserted that the "Mediacom Android App" infringes claim 4 of the '063 patent.

56.     Mediacom does not infringe claim 4 of the '063 patent.

57.     Without limiting the generality of the foregoing and by way of example only, Mediacom does not meet, either literally or under the doctrine of equivalents, many of the claim limitations found in claim 4 of the '063 patent because Defendant cannot show that content is stored on a user's device.  As a result, the Mediacom Android App does not meet the "user data repository" limitations such as: "locating said information pack in a location of said user data repository associated with the user destination address reserved for information corresponding to a category to which said category identifier corresponds," "creating a custom location in said user data repository," and "placing said information pack in said custom location."

## COUNT II

### (Declaratory Judgment of Invalidity of the '063 Patent)

58.     The foregoing paragraphs 1-57 are incorporated as if set forth herein in their entirety.

59.     By virtue of Defendant's past litigation history and assertion letter to Mediacom, an actual controversy exists between Mediacom and Defendant as to whether claim 4 of the '063 patent is valid.

60.     Claim 4 of the '063 patent is invalid and void because it fails to comply with one or more of the conditions and requirements of the patent laws, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or the rules, regulations, laws, and decisions pertaining thereto.

61.     Claim 4 of the '063 patent is invalid under 35 U.S.C. § 101 because it is directed to, in general terms, the patent-ineligible abstract idea of placing different information in designated directories.  Additionally, this claim contains no inventive concept.  For example, it does not improve computer technology.  Instead, claim 4 is directed to software running on a generic computer.

62.     Claim 4 of the '063 patent is further invalid under 35 U.S.C. §§ 102 and/or 103.  As a non-limiting example, this claim is anticipated or rendered obvious in view of U.S. Patent Nos. 5,754,939 and RE41,411.

63.     Pursuant to 28 U.S.C. §§ 2201 and 2202, a judicial determination of the respective rights of the parties with respect to whether claim 4 of the '063 patent is invalid and void is necessary and appropriate under the circumstances.

## COUNT III

### (Declaratory Judgment of Non-infringement of the '613 patent)

64.     The foregoing paragraphs 1-63 are incorporated as if set forth herein in their entirety.

65.     By virtue of Defendant's past litigation history and assertion letter to Mediacom, an actual controversy exists between Mediacom and Defendant as to whether Mediacom infringes claim 8 of the '613 patent.  A valid and justiciable controversy has arisen and exists between Mediacom and Defendant within the meaning of 28 U.S.C. § 2201.

66.     Specifically, Defendant has asserted that virtualization in Mediacom's network and systems environment infringes claim 8 of the '613 patent.

67.     Mediacom does not infringe claim 8 of the '613 patent.

68.     Without limiting the generality of the foregoing and by way of example only, Mediacom does not meet, either literally or under the doctrine of equivalents, any of the claim limitations of claim 8 of the '613 patent because Defendant cannot show that Mediacom stores an "indicator that a file descriptor established by an intercepted system call is associated with a file stored on media."

## COUNT IV

### (Declaratory Judgment of Invalidity of the '613 Patent)

69.     The foregoing paragraphs 1-68 are incorporated as if set forth herein in their entirety.

70.     By virtue of Defendant's past litigation history and assertion letter to Mediacom, an actual controversy exists between Mediacom and Defendant as to whether claim 8 of the '613 patent is valid.

71.     Claim 8 of the '613 patent is invalid and void because it fails to comply with one or more of the conditions and requirements of the patent laws, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or the rules, regulations, laws, and decisions pertaining thereto.

72.     Claim 8 of the '613 patent is invalid under 35 U.S.C. § 101 because it is directed to, in general terms, the patent-ineligible abstract idea of a correlation table or any similar data structure that associates data, and the claims do not provide any inventive concept rendering this abstract idea eligible for a patent.

73.     Claim 8 of the '613 patent is further invalid under 35 U.S.C. §§ 102 and/or 103.  As a non-limiting example, the Patent Trial and Appeal Board has already found multiple claims of the '613 patent unpatentable in view of U.S. Pat. No. 6,609,159 and Dunsmuir, *Programming for the UNIX System* (1985).

74.     Pursuant to 28 U.S.C. §§ 2201 and 2202, a judicial determination of the respective rights of the parties with respect to whether claim 8 of the '613 patent is invalid and void is necessary and appropriate under the circumstances.

## **COUNT V**

**(Declaratory Judgment of Non-infringement of the '959 patent)**

75.     The foregoing paragraphs 1-74 are incorporated as if set forth herein in their entirety.

76.     By virtue of Defendant's past litigation history and assertion letter to Mediacom, an actual controversy exists between Mediacom and Defendant as to whether Mediacom infringes claim 1 of the '959 patent.  A valid and justiciable controversy has arisen and exists between Mediacom and Defendant within the meaning of 28 U.S.C. § 2201.

77.     Specifically, Defendant has asserted that Mediacom's website infrastructure infringes claim 1 of the '959 patent.

78.     Mediacom does not infringe claim 1 of the '959 patent.

79.     Without limiting the generality of the foregoing and by way of example only, Defendant cannot show that Mediacom meets, either literally or under the doctrine of equivalents, at least the "employing a deceiver configured to communicate with the controller and the client" limitation of claim 1 of the '959 patent.

## COUNT VI

### (Declaratory Judgment of Invalidity of the '959 Patent)

80.     The foregoing paragraphs 1-79 are incorporated as if set forth herein in their entirety.

81.     By virtue of Defendant's past litigation history and assertion letter to Mediacom, an actual controversy exists between Mediacom and Defendant as to whether claim 1 of the '959 patent is valid.

82.     Claim 1 of the '959 patent is invalid and void because it fails to comply with one or more of the conditions and requirements of the patent laws, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or the rules, regulations, laws, and decisions pertaining thereto.

83.     Claim 1 of the '959 patent is invalid under 35 U.S.C. § 101 because it is directed to, in general terms, the patent-ineligible abstract idea of communication through an intermediary using generic devices.

84.     Claim 1 of the '959 patent is further invalid under 35 U.S.C. § 112.  As a non-limiting example, the "forwarder," "deceiver," and "controller" terms are indefinite because they

are means-plus-function terms with no supporting disclosure in the specification.  (*See, e.g.,*
*DataCloud Techs. v. Charter Commc'ns, Inc.*, Case No. 6:21-cv-00662-ADA (WDTX), D.I. 36.)

85.     Pursuant to 28 U.S.C. §§ 2201 and 2202, a judicial determination of the respective
rights of the parties with respect to whether claim 1 of the '959 patent is invalid and void is
necessary and appropriate under the circumstances.

## COUNT VII

**(Declaratory Judgment of Non-infringement of the '498 patent)**

86.     The foregoing paragraphs 1-85 are incorporated as if set forth herein in their
entirety.

87.     By virtue of Defendant's past litigation history and assertion letter to Mediacom,
an actual controversy exists between Mediacom and Defendant as to whether Mediacom infringes
claim 1 of the '498 patent.  A valid and justiciable controversy has arisen and exists between
Mediacom and Defendant within the meaning of 28 U.S.C. § 2201.

88.     Specifically, Defendant has asserted that Mediacom web sites using Transport
Layer Security (TLS) version 1.2 or 1.3 infringe claim 1 of the '498 patent.

89.     Mediacom does not infringe claim 1 of the '498 patent.

90.     Without limiting the generality of the foregoing and by way of example only,
Defendant cannot show that Mediacom meets, either literally or under the doctrine of equivalents,
at least the following claim limitation of claim 1 of the '498 patent: "determining, by a controller
device comprising a processor, a destination internet protocol (IP) address from a plurality of
categories for virtual names based on a virtual namespace destination address specified by request
data received from a device, wherein a category of the plurality of categories is related to the virtual

namespace destination address." For example, Defendant cannot show that Mediacom's server performs the claimed "determining" from a plurality of categories.

## COUNT VIII

### (Declaratory Judgment of Invalidity of the '498 Patent)

91.     The foregoing paragraphs 1-90 are incorporated as if set forth herein in their entirety.

92.     By virtue of Defendant's past litigation history and assertion letter to Mediacom, an actual controversy exists between Mediacom and Defendant as to whether claim 1 of the '498 patent is valid.

93.     Claim 1 of the '498 patent is invalid and void because it fails to comply with one or more of the conditions and requirements of the patent laws, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or the rules, regulations, laws, and decisions pertaining thereto.

94.     Claim 1 of the '498 patent is invalid under 35 U.S.C. § 101 because it is directed to, in general terms, the patent-ineligible abstract idea of data correlation using generic communication devices.

95.     Claim 1 of the '498 patent is further invalid under 35 U.S.C. §§ 102 and/or 103. As a non-limiting example, this claim is anticipated or rendered obvious in view of U.S. Patent No. 7,136,932.

96.     Claim 1 of the '498 patent is further invalid under 35 U.S.C. § 112. As a non-limiting example, claim 1 lacks enablement and/or written description because the specification does not support the limitation "determining, by a controller device comprising a processor, a destination internet protocol (IP) address from a plurality of categories for virtual names based on

a virtual namespace destination address specified by request data received from a device, wherein a category of the plurality of categories is related to the virtual namespace destination address."

97.     Pursuant to 28 U.S.C. §§ 2201 and 2202, a judicial determination of the respective rights of the parties with respect to whether claim 1 of the '498 patent is invalid and void is necessary and appropriate under the circumstances.

## PRAYER FOR RELIEF

98.     WHEREFORE, Mediacom requests entry of judgement in its favor against Defendant as follows:

a.   For a declaration that Mediacom does not infringe any valid and enforceable Asserted Claim of the Asserted Patents;

b.   For a declaration that the Asserted Claims of the Asserted Patents are invalid and void because each fails to comply with one or more of the conditions and requirements of the patent laws, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112;

c.   Finding the case exceptional and awarding Mediacom its attorneys' fees and costs pursuant to 35 U.S.C. § 285 and 28 U.S.C. § 1927, and this Court's inherent equitable powers; and

d.   For other such relief as the Court may deem just and proper.

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Mediacom hereby demands a trial by jury of all issues so triable in this action.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

_____
Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
jying@morrisnichols.com

*Attorneys for Plaintiff*
*Mediacom Communications Corporation*

OF COUNSEL:

Amr O. Aly
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY  10036-2711
(212) 891-1600

Yusuf Esat
Lisa M. Schoedel
Mitchell L. Denti
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL  60654-3456
(312) 222-9350

September 9, 2022