UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| MEDIACOM COMMUNICATIONS CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>DATACLOUD TECHNOLOGIES, LLC,<br><br>    Defendant. | CIVIL ACTION NO. 1:22-cv-01194-GBW<br><br>**Judge Gregory B. Williams** |

**DATACLOUD TECHNOLOGIES, LLC'S OPENING BRIEF IN SUPPORT
OF ITS MOTION TO DISMISS
<u>FOR LACK OF SUBJECT MATTER JURISDICTION</u>**

## TABLE OF CONTENTS

I. NATURE AND STAGE OF THE PROCEEDINGS ................................... 1

II. SUMMARY OF ARGUMENT ....................................................................... 1

III. STATEMENT OF FACTS .............................................................................. 2

IV. LEGAL AUTHORITY ..................................................................................... 3

V. ARGUMENT ....................................................................................................... 4

VI. CONCLUSION .................................................................................................. 5

## TABLE OF AUTHORITIES

**Cases**

*ActiveVideo Networks, Inc. v. Trans Video Electronics, Ltd.*, 975 F.Supp.2d 1083 (N.D. Cal. 2013) ................................................................................................................ 5

*Delaware State Univ. Student Hous. v. Ambling Mgt.*, 556 F.Supp.2d 367 (D. Del. 2008) ....... 1, 5

*Electronics For Imaging, Inc. v. Coyle*, 394 F.3d 1341 (Fed. Cir. 2005) ....................... 3

*MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118 (2007) ........................................... 1, 3

*Micron Tech., Inc. v. Mosaid Techs., Inc*., 518 F.3d 897 (Fed. Cir. 2008) .................... 3

*Prasco, LLC v. Medicis Pharm. Corp.,* 537 F.3d 1329 (Fed. Cir. 2008) ...................... 1

*Public Serv. Commission of Utah v. Wycoff Co.,* 344 U.S. 237 (1952) ......................... 3

*Sandoz, Inc. v. Amgen, Inc.,* 773 F.3d 1274 (Fed. Cir. 2014) ..................................... 1, 4

*Tapia v. U.S. Bank, N.A.*, 718 F.Supp.2d 689 (E.D. Va. 2010) ..................................... 5

*Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) ............................................................ 3

**Statutes**

28 U.S.C. § 2202(a) ........................................................................................................ 3

**Rules**

Fed. R. Civ. Proc. 12(b)(1) ............................................................................................. 1

**I.      NATURE AND STAGE OF THE PROCEEDINGS**

This action is an action filed against DataCloud by Mediacom for a declaration that it does not infringe Claim 4 of the '063 patent, Claim 8 of the '613 patent, Claim 1 of the '959 patent, and Claim 1 of the '498 patent (each, a "Claim-at-Issue," and collectively, the "Claims-at-Issue"). Mediacom filed its Complaint on September 12, 2022. D.I. 1. The parties entered several stipulations to extend the deadline for DataCloud's response to the Complaint until December 5, 2022. *See* D.I. 7-9. DataCloud now responds by moving to dismiss the Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

**II.     SUMMARY OF ARGUMENT**

Mediacom's Complaint should be dismissed pursuant to Rule 12(b)(1) for failure to show an actual controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment because a single letter sent by DataCloud to Mediacom over seven months ago is not enough to create declaratory judgment jurisdiction, and even if a single letter were enough, the letter sent here made it clear DataCloud sought an "amicable" solution, not litigation, which mitigated any immediacy in establishing legal rights.. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007); *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1335 (Fed. Cir. 2008); *Sandoz, Inc. v. Amgen, Inc.*, 773 F.3d 1274, 1278 (Fed. Cir. 2014). Additionally, the DataCloud patents identified in the Complaint expired before DataCloud sent its letter to Mediacom, and for that reason, a declaratory judgment now will not provide Mediacom with certainty about the lawfulness of its conduct so that it might adjust its future actions and avoid additional liability. *See Delaware State Univ. Student Hous. v. Ambling Mgt.*, 556 F.Supp.2d 367, 374 (D. Del. 2008).

### III.   STATEMENT OF FACTS

1.   On May 4, 2022, DataCloud sent a letter to Plaintiff Mediacom. D.I. 1-1, ECF 2-6 (the "DataCloud Letter").  The purpose of the Letter was to "bring to [Mediacom's] attention" certain of DataCloud's patents "that relate to certain of the products and services offered by [Mediacom]," including the Patents-at-Issue here. D.I. 1-1, at ECF 2.

2.   At the time the DataCloud Letter was sent to Mediacom, each of the Patents-at-Issue had already expired.  *See* D.I. 1-1, at ECF 9, 29, 60, 70 (showing the relevant filing dates, related application data, and term adjustments of the Patents-at-Issue).  The DataCloud Letter explained that public information about certain Mediacom products indicated they infringe certain claims of the Patents-at-Issue.  *See* D.I. 1-1, at ECF 2.  DataCloud did not include claim charts with the Letter.  However, it did allege:

- Mediacom had infringed claim 8 of the '613 Patent by employing virtualization in its network and systems environment;
- The Mediacom Android App had infringed claim 4 of the '063 Patent;
- Mediacom's website infrastructure had infringed claim 1 of the '959 Patent; and
- Mediacom's web sites with Transport Layer Security (v. 1.2 or 1.3) infringed claim 1 of the '498 Patent;

*Id.*  DataCloud also claimed that it had been damaged by Mediacom's infringement.

3.   Importantly, DataCloud did not threaten to sue Mediacom, but instead made it clear that DataCloud was "hopeful that the parties c[ould] engage in discussions to reach an amicable resolution of th[e] matter prior to any lawsuit being filed." D.I. 1-1, at ECF 3. In that regard, the letter requested that Mediacom "please contact [DataCloud's counsel] at [its] earliest convenience to discuss an appropriate resolution of this matter." *Id.*, at ECF 3.

4.   And although the DataCloud Letter did explain that "[a]ll too often, it seems, initial licensing efforts are ignored and the burden, time, and expense of needless prolonged litigation

results," it was "[i]n that spirit, DataCloud [made it clear that it] believe[d] that early licensing discussions could serve to benefit both parties and [DataCloud] would be willing to offer more favorable terms [if Mediacom] entertain[ed] such discussions." *Id.*, at ECF 3.

5.     Needless to say, DataCloud was surprised when Mediacom contacted DataCloud and informed it that the present declaratory judgement action had been filed.

## IV.    LEGAL AUTHORITY

For a declaratory judgment action to be a live case or controversy, the dispute must be "definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *MedImmune,* 549 U.S. at 127 (internal quotes omitted). "[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.*

Federal courts have "unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995); *Public Serv. Commission of Utah v. Wycoff Co.,* 344 U.S. 237, 241 (1952) ("[28 U.S.C. § 2201] is an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant."). Accordingly, even where a controversy exists, a district court retains discretion to decline to hear a declaratory judgment case. *Micron Tech., Inc. v. Mosaid Techs., Inc*., 518 F.3d 897, 903 (Fed. Cir. 2008); *Electronics For Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1345 (Fed. Cir. 2005); *see also* 28 U.S.C. § 2202(a) ("any court of the United States … **may** declare the rights of and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.") (emphasis added).

## V. ARGUMENT

This Court should decline to assert jurisdiction over this case and dismiss it, which is within its absolute discretion. Mediacom has not demonstrated the existence of an actual controversy conferring declaratory judgment jurisdiction because **(1)** DataCloud's single letter to Mediacom indicated an express intent to reach an "amicable" solution regarding its patents and did not threaten litigation, **(2)** that letter was sent over nine months ago, which mitigates any immediacy or urgency to this case, and the parties licensing negotiations were continuing as of the date the complaint was filed, and **(3)** the entire purpose of the Declaratory Judgment Act is to provide for declarations of rights to guide future conduct and allow a litigants to mitigate future liability, and the fact that the Patents-At-Issue are all expired means this purpose cannot be met in this case.

*First,* Mediacom's "subjective or speculative fear of future harm" does not suffice to create declaratory judgment jurisdiction. *See Prasco, LLC*, 537 F.3d at 1335. Here, DataCloud has not initiated, or even threatened, an infringement lawsuit against Mediacom. Instead, Mediacom's entire complaint, as alleged (D.I. 1, at ¶17), is premised upon a single letter from DataCloud that clearly expressed its desire, not to litigate, but to "engage in discussions to reach an amicable resolution" of the matter without litigation. *See, supra,* §III. Mediacom has not sufficiently alleged any prior statements or actions by DataCloud that could support declaratory judgement jurisdiction here, and for that reason, the Court lacks subject matter jurisdiction over this case and should dismiss it.

*Second*, even if this Court were to agree with Mediacom as to DataCloud's motives and alleged *modus operandi* as sufficiently evidencing an intent for DataCloud to sue Mediacom, there is still a lack of sufficient immediacy and reality giving rise to subject matter jurisdiction. *See, e.g. Sandoz, Inc.*, 773 F.3d at 1278 ("Immediacy" is measured based on consideration of "how far in the future potential infringement is, whether the passage of time might eliminate or change any

dispute, and how much if any harm the potential infringer is experiencing at the time of suit that an adjudication might redress."); *ActiveVideo Networks, Inc. v. Trans Video Electronics, Ltd.*, 975 F.Supp.2d 1083, 1087-1088 (N.D. Cal. 2013) (stating "the length of time that transpired after the patent holder asserted infringement" is a factor that can weigh against a finding that there is a substantial case or controversy). As demonstrated above (*see, supra* §III), nearly seven months had passed since DataCloud sent the *single* letter relied upon by Mediacom, and that letter sought an "amicable" solution that avoided litigation. *See* Dkt. No. 1, at ¶17; *see also, supra,* §III. This passage of time and the amicable resolution sought weighs against the idea that there is any actual controversy, much less one with "sufficient immediacy and reality" to support a declaratory judgment action.

***Third***, this court and its sister jurisdictions have noted that the goal of the Declaratory Judgment Act is to "guide the parties' conduct in the future." *Tapia v. U.S. Bank, N.A.*, 718 F.Supp.2d 689, 695-696 (E.D. Va. 2010) (explaining that declaratory judgments "are designed to declare rights so that parties can conform their conduct to avoid future litigation, and are untimely if the questionable conduct has already occurred or damages have already accrued") (internal citation and quotation marks omitted); *Delaware State Univ. Student Hous.*, 556 F.Supp.2d at 374 ("A declaratory judgment is inappropriate solely to adjudicate past conduct."). Because the DataCloud Patents at issue here had expired (*see, supra,* §III), no additional damages are accruing; in fact, any damages are dwindling by the day. Thus, a declaration of whether Mediacom's actions infringed would involve an adjudication of past conduct, which does not satisfy the requirements of a declaratory judgment action. This fact further warrants dismissal of the action.

### VI.   CONCLUSION

For all the reasons set forth herein, the Court should exercise its discretion to decline jurisdiction and dismiss this lawsuit pursuant to Fed. R. Civ. Proc. 12(b)(1).

Dated: December 5, 2022　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　**STAMOULIS & WEINBLATT, LLC**

　　　　　　　　　　　　　　　　　　*/s/ Stamatios Stamoulis*
　　　　　　　　　　　　　　　　　　Stamatios Stamoulis (#4606)
　　　　　　　　　　　　　　　　　　Richard C. Weinblatt (#5080)
　　　　　　　　　　　　　　　　　　800 N. West Street Third Floor
　　　　　　　　　　　　　　　　　　Wilmington, Delaware 19801
　　　　　　　　　　　　　　　　　　Telephone: (302) 999-1540
　　　　　　　　　　　　　　　　　　Email: stamoulis@swdelaw.com
　　　　　　　　　　　　　　　　　　Email: weinblatt@swdelaw.com

　　　　　　　　　　　　　　　　　　James F. McDonough, III (Bar No. 117088, GA)*
　　　　　　　　　　　　　　　　　　Jonathan R. Miller (Bar No. 507179, GA)*
　　　　　　　　　　　　　　　　　　Travis E. Lynch (Bar No. 162373, GA)*
　　　　　　　　　　　　　　　　　　**ROZIER HARDT MCDONOUGH PLLC**
　　　　　　　　　　　　　　　　　　3621Vinings Slope, Suite 4300
　　　　　　　　　　　　　　　　　　Atlanta, Georgia 30339
　　　　　　　　　　　　　　　　　　Telephone: (470) 480-9505, -9517, -9514
　　　　　　　　　　　　　　　　　　Email: jim@rhmtrial.com
　　　　　　　　　　　　　　　　　　Email: miller@rhmtrial.com
　　　　　　　　　　　　　　　　　　Email: lynch@rhmtrial.com

　　　　　　　*Attorneys for Defendant DATACLOUD TECHNOLOGIES, LLC*

　　　　　　　　　　　　　　　　　　　　　　　　　　　* admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the above documents with the Clerk of Court using CM/ECF which will send electronic notification of such filings to all registered counsel.

Date: <u>December 5, 2022</u>          */s/ Stamatios Stamoulis*
                                        Stamatios Stamoulis #4606